IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES B. MITCHELL, §<br>　　　　Petitioner, §<br>§<br>v. §<br>§<br>WARDEN M. UNDERWOOD, *FCI* §<br>*SEAGOVILLE*, §<br>　　　　Respondent. § | No. 3:17-CV-2939-D (BT) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner James Mitchell, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be denied.

I.

On November 23, 2010, Petitioner pleaded guilty in the Western District of Arkansas to: (1) conspiracy to use an interstate facility to distribute proceeds from an unlawful activity, and to promote, manage, establish, carry on, and facilitate such unlawful activity, namely prostitution, in violation of 18 U.S.C. § 1952(a)(1)(A), (a)(3)(A), and 18 U.S.C. § 371; and (2) conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and

1

(h). *United States v. Mitchell*, No. 5:10-cr-50067-001 (W.D. Ark.) On June 20, 2011, the court sentenced Petitioner to a total of 126 months in prison.

Here, Petitioner challenges the government's decision to deny him early release under the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP"). On April 6, 2017, the BOP determined that Petitioner was ineligible for early release under the RDAP. Petitioner appealed, and on January 8, 2018, the BOP denied his appeal.

On October 19, 2017, Petitioner filed the instant § 2241 petition. On January 26, 2018, the government filed its answer arguing, *inter alia*, that Petitioner is ineligible for early release under the RDAP.[1]

II.

Petitioner participated in the RDAP and argues he is entitled to early release under the program. Under 18 U.S.C. § 3621(e)(2)(B), if an inmate successfully completes the RDAP, the BOP may reduce the period an inmate convicted of a nonviolent offense remains in custody, "but such reduction may not be more than one year from the term that the inmate must otherwise serve." *See* 18 U.S.C. § 3621 (e)(2)(B); 28 C.F.R. § 550.55. Certain inmates, however, are not eligible for early release under the RDAP. *See* 28 C.F.R. § 550.55. As relevant here, the

---

[1] The government states Petitioner did not fully exhaust his administrative remedies prior to filing this petition. The government also states, however, that it does not directly address or rely on exhaustion to argue the petition should be dismissed. (ECF No. 13 at 7.)

2

government found Petitioner was ineligible for early release under the RDAP because Petitioner's current conviction: (1) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another (28 C.F.R. § 550.55(b)(5)(iii)); (2) by its nature or conduct involves sexual abuse offenses committed upon minors (28 C.F.R. § 550.55(b)(5)(iv)); and (3) is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense listed in 28 C.F.R. § 550.55(b)(4) or (b)(5).[2] (ECF No. 14 at 57-58.)

Petitioner argues the BOP wrongly found that his conviction involved the sexual abuse of minors. (ECF No. 2 at 5; ECF No. 3 at 9-20.) This claim is without merit. The PSR determined that Petitioner owned and operated a prostitution enterprise, and that "at least three females working for the company were known to be under the age of 18. The three individuals . . . reported that [Petitioner] was aware of their age, but they had been instructed to state their age as 18 or older." (*United States v. Mitchell*, No. 5:10-cr-50067-001, ECF No. 240 at 8.) Petitioner also "withdrew all objections to facts contained in the PSR," and stated he "no longer wishe[d] to contest having knowingly used minors as prostitutes." *Id*.

Although Petitioner argues the information in his PSR is false, (ECF No. 21 at 3), the Fifth Circuit has held that it is proper for BOP officials to review the PSR

---

[2] Both 28 C.F.R. § 550.55(4)(vii) and § 550.55(5)(iv) list "[a]n offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors."

in determining a prisoner's eligibility for RDAP.  *See Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007).  Petitioner has failed to show that BOP unlawfully determined he was ineligible for early release under the RDAP program.

Finally, the Fifth Circuit has determined there is no protected liberty interest in receiving a sentence reduction under the RDAP.  *Id.* at 420.  The Court found that "[t]he grant of discretion to the BOP in § 3621(e)(2)(B) indicates that no entitlement, and hence no liberty interest, was created."  *Id.*  The petition should therefore be denied.

### III.

For the foregoing reasons, the Court recommends that the petition filed under 28 U.S.C. § 2241 be denied.

Signed June 25, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).